Charles Talbert
No. QA4727
SCI Camp Hill
2500 Lisburn Road
Camp Hill. PA. 17001          March 15, 2022

Clerk of Court
U.S. Courthouse
601 Market Street
Phila. PA, 19106

Re: Petition For Writ Of Habeas
    Corpus By Prisoner In State
    Custody 28 USCS 2254

Dear Clerk:
Enclosed herein, please find the following:
1. Petition Under 28 USCS 2254.
2. Brief.
3. Exhibits: (A) Correspondence (B) Lawsuit.
4. Check for $5.00 filing fee.
6. Return SASE.
        NOTE: Please Send Rules On
              Habeas Corpus!
              Thanks!
                        Yours Truly,

                        Charles Talbert

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**

**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District Eastern |
|---|---|

| Name (under which you were convicted): Charles Talbert (No Conviction) | Docket or Case No.: |
|---|---|

| Place of Confinement: SCI. Camp Hill | Prisoner No.: QA4727 |
|---|---|

| Petitioner (include the name under which you were convicted) Charles Talbert | v. | Respondent (authorized person having custody of petitioner) Laurel Harry |
|---|---|---|

| The Attorney General of the State of Pennsylvania | | |
|---|---|---|

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   N/A
   _____

   (b) Criminal docket or case number (if you know): _____ N/A _____

2. (a) Date of the judgment of conviction (if you know): _____ N/A _____

   (b) Date of sentencing: _____ N/A _____

3. Length of sentence: _____ N/A _____

4. In this case, were you convicted on more than one count or of more than one crime?    Yes ☐    No ☑

5. Identify all crimes of which you were convicted and sentenced in this case: _____
   none
   _____
   _____
   _____
   _____

6. (a) What was your plea? (Check one)

   (1)   Not guilty ☑           (3)   Nolo contendere (no contest) ☐

   (2)   Guilty ☐               (4)   Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?_____

_____ N/A _____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ❑      Judge only ❑      N/A

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ❑  No ☒

8. Did you appeal from the judgment of conviction?

Yes ❑  No ❑      N/A

9. If you did appeal, answer the following:

(a) Name of court: _____ N/A

(b) Docket or case number (if you know): _____ N/A

(c) Result: _____ N/A

(d) Date of result (if you know): _____ N/A

(e) Citation to the case (if you know): _____ N/A

(f) Grounds raised: _____ N/A

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    Yes ☒  No ❑

If yes, answer the following:

(1) Name of court: ___Supreme Court of PA___

(2) Docket or case number (if you know): ___58 ET 2022___

(3) Result: ___Failed To Address The Petition No Due Process___

(4) Date of result (if you know): ___March 11, 2022___

(5) Citation to the case (if you know): ___Com. v. Jette, 23 A.3d 1032 (2011)___

(6) Grounds raised: ___4th Amendment (unreasonable seizure), 6th Amendment (Ineffective Assistance and Speedy Trial), 1st Amendment (Access to the Court) (Petition For Writ of Habeas Corpus)___

(h) Did you file a petition for certiorari in the United States Supreme Court?       Yes ☐ No ☒

   If yes, answer the following:

   (1) Docket or case number (if you know): _____ N|A _____

   (2) Result: _____ N|A _____

   _____

   (3) Date of result (if you know): _____ N|A _____

   (4) Citation to the case (if you know): _____ N|A _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

   Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: _____ N|A _____

   (2) Docket or case number (if you know): _____ N|A _____

   (3) Date of filing (if you know): _____ N|A _____

   (4) Nature of the proceeding: _____ N|A _____

   (5) Grounds raised: _____ N|A _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   Yes ☐ No ☒

   (7) Result: _____ Did not Address Issues _____

   (8) Date of result (if you know): _____ March 11, 2022 _____

   (b) If you filed any second petition, application, or motion, give the same information:

   (1) Name of court: _____ Supreme Court of PA _____

   (2) Docket or case number (if you know): _____ 58 ET 2022 _____

   (3) Date of filing (if you know): _____ Noted on docket only _____

   (4) Nature of the proceeding: _____ Petition for Writ of Hab. Corpus _____

   (5) Grounds raised: _____ 1st Amendment (Access to the Court) 4th Amendment (unlawful seizure), 6th Amendment (ineffective assistance and speedy trial violation) _____

_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    Yes ☐ No ☑

(7) Result: _____ failed to provide due process _____

(8) Date of result (if you know): _____ March 11, 2022 _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____ N/A _____

(2) Docket or case number (if you know): _____ N/A _____

(3) Date of filing (if you know): _____ N/A _____

(4) Nature of the proceeding: _____ N/A _____

(5) Grounds raised: _____ N/A _____

_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    Yes ☐ No ☑

(7) Result: _____ N/A _____

(8) Date of result (if you know): _____ N/A _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    Yes ☑ No ☐

(2) Second petition:    Yes ☑ No ☐

(3) Third petition:    Yes ☑ No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

I filed my habeas corpus in Supreme Ct of PA under Pa. Const. art. I, Sect. 14 and 42 Pa. C.S. subsect. 6501-6505 + The Court did not address my constitutional claims raised

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE:** Fourth Amendment Violation

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The FBI had stated that there was no probable cause or any evidence to prosecute me on banks that had been apparently robbed by demand notes. See; CP51CR-2223-2019 And CP51CR-2622-2019. There was no identification or fingerprint evidence to build a reasonable suspicion. Detectives merely assumed that my State I.D, had similarities with those in robbery footage

(b) If you did not exhaust your state remedies on Ground One, explain why: I filed numerous pretrial motions that was never Addressed, I Also had submitted a petition for Writ of Habeas Corpus to the Supr. Ct. of PA, to which failed to address this issue.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐  No ☑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☐  No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): _____

_____ N|A _____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☐  No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ N|A _____

_____

Docket or case number (if you know): _____ J|A _____

Date of the court's decision: _____ N|A _____

Result (attach a copy of the court's opinion or order, if available): _____ J|A _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Can't Appeal any higher

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground One: Filed Petition For Writ of

Habeas Corpus in Supr. Ct. of PA under No. 58 ET

2021. Issues not Addressed. Denied process

**GROUND TWO:** Sixth Amendment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): I have

been pretrial detained since Jan. 10, 2019 on 3 open

criminal matters; CPS1CR-1995-2019, CPS1CR-2223-

2019, And CPS1CR-2627-2019. Over 7 trial dates have

been scheduled without being brought down. I have

not once spoken with my appointed counsel Scott Sigman

or received any legal mail or visits from him. He has

completely failed to communicate and abandoned me.

(b) If you did not exhaust your state remedies on Ground Two, explain why: I filed numerous pretrial motions to withdraw counsel and to dismiss for speedy trial violations that was never addressed. I wrote counsel several times to which he never responds. I Also filed Habeas corpus petition in Superior of PA.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: N/A
_____
_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐ No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A
_____

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A
_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A
_____

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A
_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Cant Appeal No higher

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: Petition for writ of Habeas Corpus filed in Supreme Court of PA 58ET 2022. This issue was not Addressed, denied process

**GROUND THREE:** Fourteenth Amendment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
1. Procedural due process: I have been denied Access to any process in the highest State court due to being represented. However the person representing me is part of the legal issues needing to be Addressed. 2. Substantive due process: The highest state Court Arbitrarily used State law to deprive me of due process to Address Federal Issues.

(b) If you did not exhaust your state remedies on Ground Three, explain why: I filed these constitutional Issues in my State Habeas Petition to be Addressed, but was denied redress.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _____
_____
N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ☐  No ☑

(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: _____  N/A
Name and location of the court where the motion or petition was filed: _____
_____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): _____ N/A _____

_____

_____

**(3)** Did you receive a hearing on your motion or petition?

Yes ☐   No ☑

**(4)** Did you appeal from the denial of your motion or petition?

Yes ☐   No ☐

**(5)** If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☑

**(6)** If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ N/A _____

_____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): _____ N/A _____

_____

**(7)** If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____ Cant appeal any higher _____

_____

_____

_____

**(e)** **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: Petition for Writ of

Habeas Corpus 58 ET 2022.

_____

**GROUND FOUR:** _____ Conflict of Interest _____

_____

**(a)** Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): I have filed a State civil case against the DA's office the Police Department, Court of Common Pleas of Phila Cty., And my lawyer, Scott Sigman cannot represent me while he is a Defendant. The Courts is playing "politics" with my freedom, and the City is retaliating due to prior lawsuits.

The lawsuit against all Defendants/Respondents is filed in the Ct. of Com. Pl. of Phila under docket No. 001940 FebTerm, 2022.

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

No other option but to file suit in court to address this corruption, was given no process.

_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐  No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____ N/A

Name and location of the court where the motion or petition was filed: _____ N/A

Docket or case number (if you know): _____ N/A

Date of the court's decision: _____ N/A

Result (attach a copy of the court's opinion or order, if available): _____ N/A

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☐  No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ N/A

Docket or case number (if you know): _____ N/A

Date of the court's decision: _____ N/A

Result (attach a copy of the court's opinion or order, if available): _____ N/A

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____ N/A _____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

This lawsuit was Attached to my petition for Writ of Habeas Corpus that was sent to the Supreme Court of PA

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?     Yes ☒  No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____ N/A _____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

All grounds have been presented without them being constitutionally Addressed.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?     Yes ☐  No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____ N/A _____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes ☑    No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. All afore said criminal matters have been consolidated into one (1) trial I have filed motions to suppress evidence, identification (in-court) motions to withdraw, motions to dismiss, omnibus motion

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Phila. Defenders Association Donald Bermudez

(b) At arraignment and plea: Phila. Defenders Assoc. Donald Bermudez

(c) At trial: Scott Sigman 2161 Pine Street, Phila, PA 19103

(d) At sentencing: N/A

(e) On appeal: N/A

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☑

Verification:

I verify under penalty of perjury that the foregoing is true and correct.

Charles Talbert

March 15, 2022

United States District Court for the Eastern District of Pennsylvania

Charles Talbert
Petitioner,                                No.

        vs.

Laurel Harry, Superintendent
Josh Shapiro, Attorney General              Brief In Support of Petition
Respondents.                                For Writ of Habeas Corpus.

Standard of Review:

    The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of Rebellion or Invasion the public safety may require it. U.S. Constitution, Article 1, Clause 2; Fay v. Noia, 372 U.S. 391 (1963); Travillion v. Superintendent Rockview SCI, 982 F.3d 896 (3d 2020). The District Court has jurisdiction over habeas corpus petitions pursuant to 28 USCS 2254. Travillion.

Material Facts:

    In November 2018, a PNC bank was the victim of an alleged attempted demand-note robbery. No money was taken. No identification of Petitioner was made by the bank teller, nor was there any other evidence available linking Petitioner to the crime. In early December 2018, a TD bank was the victim of an alleged bank robbery with a demand-note. Approximately $3,000 was allegedly stolen. No identification of Petitioner was made by the bank teller, nor was there any other evidence available linking Petitioner to the crime. The Federal Bureau of Investigations (FBI) cleared the Petitioner of the bank robberies, stating that there was no probable cause and/or evidence under their investigation. In December 2018, a KFC restaurant was the victim of an alleged attempted demand-note robbery. No money was taken. The complainant was unable to identify Petitioner. A "non"-eye witness, identified Petitioner, as a person fitting the description of a person several blocks away from the scene. There was no other evidence available linking Petitioner to the crime. Nevertheless, without sufficient evidence to point to, Philadelphia Police obtained a defective warrant for Petitioners arrest. Petitioner was arrested on January 8, 2019, and has since been pretrial detained awaiting trial. At no time did the Petitioners counsel argue his unlawful and unconstitutional arrest at preliminary hearings. Nor did counsel argue the continued legality of Petitioners excessive confinement awaiting trial. Petitioner has not even heard from or received any form of communication from his appointed counsel. Over 7 trial dates have been scheduled and continued without affording Petitioner any process. Petitioner was and continues to be, effectively foreclosed from the court and appointed counsel to which has caused a clear violation upon his liberty interest.

Argument:

By requiring that a state may not deprive a person of life, liberty or property without due process of law, the Federal Constitution's Fourteenth Amendment protects the individual against arbitrary action of government. See Kentucky DOC v. Thompson, 490 U.S. 454 (1989). Liberty interests protected under the Federal Constitution's Fourteenth Amendment may arise from the Fourteenth Amendment's due process clause itself or from the laws of the state. Id.

As such, after being excessively detained in violation of the Federal Constitution, Petitioner filed numerous pretrial motions in the trial court seeking procedural relief. None of those motions were assigned for argument, none of them were consulted with by counsel, and none of them were considered and/or addressed by the trial court. After 3 consecutive years of being unconstitutionally pretrial detained Petitioner attempted to exhaust his issues with the Supreme Court of Pennsylvania by filing a Petition for Writ of Habeas Corpus under the Pennsylvania Constitution, Article 1, Section 14, and 42 Pa.C.S. subsections 6501 - 6505. The Constitution of the Commonwealth of Pennsylvania, in similar comparison to the Federal Constitution, dictates that " the privilege of the writ of habeas corpus shall not be suspended, unless when in case of rebellion or invasion the public safety may require it". Pa. Const. art. 1, Sect. 14.

To effectuate this provision, the General Assembly of Pennsylvania has enacted certain statutes. 42 Pa.C.S. subsections 6501-6505. The " right to habeas corpus relief extends to - any person restrained of his liberty" within this Commonwealth". 42 Pa.C.S. Sect. 6503 (a); Commonwealth v. Burke 2021 PA. Super. 167; 2021 Pa. Super. LEXIS 533 (Pa. Superior Ct. August 19, 2021).

Accordingly, Petitioner had a right, privilege, and liberty interest, that the Federal and State Constitutions, and 42 Pa.C.S. Section 6503(a), was the vehicle to use, to reach a destination for relief of his unconstitutional and unlawful pretrial detainment and ineffective assistance. The Petition was presented to the Supreme Court of Pennsylvania which presented various Constitutional violations with supportive United States Supreme Court case law. The Petition also was supported with a copy of Petitioners lawsuit against court officials, police officials, and his appointed counsel, Scott Sigman. However, with acknowledgement of these facts and conflict of interest between Petitioner and his appointed counsel, the Supreme Court of Pennsylvania erroneously sent the Petition to Petitioners appointed counsel, to whom, apparently has already failed at protecting his clients' liberty interest, and to whom has already shown Abandonment of Petitioners interests in general.

For these reasons shown, there is no corrective process, and Petitioner has demonstrated exhaustion of his claims to the highest state court.

## A. Fourth Amendment Violation:

The Federal Constitution's Fourth Amendment prohibits unreasonable seizures and the issuance of warrants without probable cause. U.S. Const. Amend. 4th. The legal principles applicable when reviewing the sufficiency of an affidavit to determine whether it establishes the probable cause necessary for the issuance of a warrant are well established. See Commonwealth v. Zelasny, 430 PA. Super. 585 (June 7, 1993) (defective warrant issue). See also, Commonwealth v. Hopkins, 640 PA. 604 (June 30 2017) (As a matter of law, a defendant is entitled to challenge the veracity of statements in an affidavit of probable cause without conditioning that right upon a substantial preliminary showing of the potential falsity of these facts) (Probable cause issue).

As such, Petitioners arrest was unconstitutional as the affidavit of probable cause was defective. In addition, but for counsel's ineffective assistance, Petitioners continued detention was unconstitutional by him not arguing these facts during pretrial proceedings.

## B. Sixth Amendment Violation(S):

The Federal Constitution's Sixth Amendment guarantees in all criminal cases the right to a speedy trial and effective assistance of counsel. U.S. Const. Amend. VI.; Presley v. Georgia, 558 U.S. 209 (2010). Trial in a court case in which a written complaint is filed against the defendant "shall commence within 365 days" from the date on which the complaint is filed. Pa.R.Crim.P. 600 (A)(2)(a). In Ewell, 3 particular interests which must be considered are: "(1) to prevent oppressive pretrial incarceration, (2) to minimize anxiety and concern of the accused, and (3) to limit the possibility that the defense will be impaired". U.S. v. Ewell, 383 U.S. 116 (1966); Barker v. Wingo, 407 U.S. 514 (1972).

As such, Petitioners only alibi witness, his dad, succombed to a heart attack and pronounced dead on February 7, 2022. Petitioners dad knew first hand that Petitioner was at the house, asleep at the dates and times of the alleged crimes. But for counsel failing to communicate with Petitioner to obtain this exculpatory evidence, testimony from Petitioners father will be forever lost, which has, undoubtedly, prejudiced the defense as stated in Strickland v. Washington, 466 U.S. 668 (1984). This legal duty was also established in Rompilla v. Beard, 545 U.S. 374 (2005) to secure information for the defense.

Conclusion:

For these reasons, the Court should grant the Petition for Habeas Corpus and discharge him from cases:

CP51CR-1995-2019
CP51CR-2223-2019
CP51CR-2622-2622

Respectfully submitted,

Charles Talbert

March 15, 2022



## Supreme Court of Pennsylvania

Middle District

Amy Dreibelbis, Esq.
Deputy Prothonotary
Elizabeth E. Zisk
Chief Clerk

601 Commonwealth Avenue, Suite 4500
P.O. Box 62575
Harrisburg, PA 17106
(717) 787-6181
www.pacourts.us

March 1, 2022

Charles P. Talbert
QA4727
SCI Camp Hill
P.O. Box 200
Camp Hill, PA  17001-8837

RE:    Commonwealth v. Talbert, C., Pet.
        No. 74 MT 2022
        Lower Appellate Court Docket No:
        Trial Court Docket No:  CP-51-CR-0001995-2019
                                CP-51-CR-0002223-2019
                                CP-51-CR-0002622-2019

Dear Charles P. Talbert:

   This is to acknowledge that the **Application for Leave to File an Original Process** and the **Petition for Writ of Habeas Corpus and Collateral Relief**, which was received in our office on March 1, 2022, has been forwarded to our Eastern District Office for filing since the action originated in Philadelphia County.

   Our Philadelphia office services all matters arising from **Philadelphia County**.   You will receive notification of filing for this petition from our Eastern District Office.

   Please direct all future correspondence to:

        Supreme Court of Pennsylvania
        468 City Hall
        Philadelphia, PA  19107

   This administrative docket has been created for tracking purposes only and has been closed.  Thank you for your attention in this matter.

Very truly yours,


Office of the Prothonotary

/is
cc:  Lawrence Samuel Krasner, Esq.



# Supreme Court of Pennsylvania

Phoenicia D. W. Wallace, Esq.
Deputy Prothonotary
Patricia A. Johnson
Chief Clerk

Eastern District

468 City Hall
Philadelphia, PA 19107
(215) 560-6370
www.pacourts.us

March 11, 2022

RE:   Talbert, C., Pet. v. Little, G.
      58 ET 2022
      Intermediate Court Docket No:
      Trial Court: Philadelphia County Court of Common Pleas
      Trial Court Docket No:   CP-51-CR-0001995-2019
                               CP-51-CR-0002223-2019
                               CP-51-CR-0002622-2019

Dear  Attorney Sigman

Enclosed is the Petition for Writ of Habeas Corpus from Charles Talbert received in this office on March 3, 2022 in the above-captioned matter. As you are counsel of record for Charles Talbert, the papers are being forwarded to you for review. See Pa.R.A.P. 121(g) and note thereto (only certain enumerated filings may be accepted when submitted *pro se*, all others shall be noted on the docket only and forwarded to counsel of record as UNFILED); see also Commonwealth v. Jette, 23 A.3d 1032, 1041 (Pa. 2011).

Until an order is entered permitting you to withdraw as counsel and allowing Charles Talbert to proceed pro se, this Court cannot accept any pro se pleadings. See Pa.R.Crim.P. 120(B) *Note*; Pa.R.Crim.P. 122(B)(2), *Note*.

This administrative docket has been created for tracking purposes only and has been closed.

Thank you for your attention to this matter.

Very truly yours,

Office of the Prothonotary

/sdm
Enclosure
cc:  Timothy Andres Holmes, Esq.
     Charles Talbert

Court of Common Pleas of Philadelphia
County Trial Division

# Civil Cover Sheet

| | |
|---|---|
| **PLAINTIFF'S NAME** Charles Talbert | **DEFENDANT'S NAME** Philadelphia Office of the District Attorney |
| **PLAINTIFF'S ADDRESS** QA4727- SCI· CAMP HILL 2500 Lisburn Road CAMP HILL. PA. 17001 | **DEFENDANT'S ADDRESS** 3 South Penn Phila. PA. 19107 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** Lawrence Krasner |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** 3 South Penn Square Phila. PA. 19107 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** Philadelphia Court of Common Pleas |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** Criminal Trial Division 1301 Filbert Street Phila. PA. 19107 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 7 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal ☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less ☒ More than $50,000.00 | ☐ Arbitration ☐ Jury ☒ Non-Jury ☐ Other: | ☐ Mass Tort ☐ Savings Action ☐ Petition | ☐ Minor Court Appeal ☐ Statutory Appeals ☐ Commerce (Completion of Addendum Required) | ☐ Settlement ☐ Minors ☐ W/D/Survival |

**CASE TYPE AND CODE (SEE INSTRUCTIONS)**

Tort- Other : Malicious Use of Process

**STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)**

N/A

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

CPSICR000 1995 - 2019
CPSICR000 2223 - 2019
CPSICR000 2622 - 2019

CMPLC-Talbert Vs Phila County Da Office Etal

22020194000003

**IS CASE SUBJECT TO COORDINATION ORDER?**
Yes ☐  No ☒

---

## TO THE OFFICE OF JUDICIAL RECORDS:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| Charles Talbert | No. QA4727 SCI. CAMP HILL 2500 Lisburn Road CAMP HILL, PA, 17001 |
| **PHONE NUMBER** | **FAX NUMBER** | |
| **SUPREME COURT IDENTIFICATION NO.** | **E-MAIL ADDRESS** |
| **SIGNATURE** | **DATE** January 23, 2022 |

01-101 (Rev. 8/2014)

Case ID: 220201940

Court of Common Pleas of Philadelphia
County Trial Division
Civil Cover Sheet (continued)

Defendants Name: Idee C. Fox
Defendants Address: Criminal Justice Center
1301 Filbert Street
Phila. PA. 19107
Defendants Name: Philadelphia Police Department
Defendants Address: One Franklin Square
Philadelphia, PA 19106
Defendants Name: Danielle Outlaw
Defendants Address: One Franklin Square
Phila. PA. 19106
Defendants Name: Scott Sigman
Defendants Address: 2101 Pine Street
Phila. PA. 19103

Charles Talbert

January 23, 2022

Case ID: 220201940

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**COURT OF COMMON PLEAS OF PHILADELPHIA**

Charles Talbert
        vs.
Philadelphia County District
Attorneys office, Lawrence
Krasner, Philadelphia Court
of Common Pleas, Idee C. Fox,
Philadelphia Police Department,
Danielle Outlaw, Scott Sigman.

No.

~~FEBRUARY 2022~~

**001940**

**NOTICE TO DEFEND**

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**
**Lawyer Referral**
**and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197** | **Asociacion De Licenciados**
**De Filadelfia**
**Servicio De Referencia E**
**Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197** |

**10-284**

Case ID: 220201940

Charles Talbert          **FEBRUARY 2022** Court of Common Pleas
No. QA4727                          Philadelphia County
SCI. CampHill                      Pennsylvania
2500 Lisburn Road        **001940**
CampHill. Pa. 17001                January 23. 2022

Charles Talbert

vs.                                                No.

Philadelphia County District                      term, 2022
Attorneys Office; Lawrence Krasner;
Philadelphia Court of Common Pleas;      Civil Action
Idee C. Fox; Philadelphia Police De-
partment; Danielle Outlaw; Scott Sigman.    Complaint


1. Plaintiff, is an adult, individual, and citizen of the United States.
2. Philadelphia County District Attorneys Office (the Office), is an
   Agency of the Commonwealth of Pennsylvania (the State), responsible
   for prosecuting crimes in the city of Philadelphia. Its office is
   located at 3 South Penn Square, Philadelphia, Pennsylvania 19107.
3. Lawrence Krasner, is the District Attorney for the Office.
4. Philadelphia Court of Common Pleas (the Court), is an Agency of
   the State, responsible for trying criminal legal matters in
   its criminal trial division. Its criminal trial division is
   located at 1301 Filbert Street, Philadelphia, Pennsylvania 19107.
5. Idee C. Fox, is the President Judge of the Court.
6. Philadelphia Police Department (the Department), is an Agency
   of the City of Philadelphia (the City), is responsible for keeping
   order, enforcing the law, and preventing, detecting Case ID: 220201940

secuting crimes in Philadelphia. Its headquarters is located at One Franklin Square, Philadelphia, Pennsylvania 19106.

7. Danielle Outlaw is the Police Commissioner for the Department.

8. Scott Sigman, is a licensed Attorney in the State, with an office located at 2101 Pine Street, Philadelphia, Pennsylvania 19103.

9. Within the past 10 years, Plaintiff has filed and/or, settled over ten (10) civil cases, in Federal Court, against the State, the City, the Office, the Court, and the Department.

10. In retaliation of Plaintiff's lawful litigation, aforementioned, that had stemmed from various constitutional violations, the named defendants herein have conspired, through the use of several false and fraudulent documents, to:

    A. prosecute Plaintiff, knowingly without probable cause, and for purposes of seeking malicious retribution against him.

    B. continue to prosecute, and improperly use the criminal prosecution process, for an objective to retaliate, and not for any lawful prosecutorial purposes.

11. In November 2018, a PNC Bank was allegedly the victim of a botched demand-note robbery. No money was taken.

12. In December 2018, a TD Bank was allegedly the victim of a demand-note robbery. Approximately $3,000 was allegedly taken.

13. In December 2018, a Kentucky Fried Chicken restaurant was allegedly the victim of a botched demand-note robbery. No money was taken.

14. On December 4, 2018, Plaintiff was intoxicated from using PCP.

15. While intoxicated, New Jersey police had arrested him for allegedly making hallucinated incriminating statements in regards to non-specific bank robberies.

Case ID: 220201940

16. The Federal Bureau of Investigations (FBI), however, ordered the New Jersey police to release Plaintiff, stating that there was no evidence or probable cause under their investigation to hold him Accountable.

17. On December 11, 2018, the Department, under Outlaws supervision, had shown both bank tellers, from TD and PNC, a six-person photo array, that included Plaintiffs photographs.

18. Neither bank teller could identify Plaintiff as being the robber.

19. On December 28, 2018, the KFC cashier had also failed to identify Plaintiff out of a six-person photo array.

20. However, even with the FBI's conclusion that there was no evidence or probable cause, and there being no identification or fingerprint DNA evidence under the Department and Outlaws investigation, the Department and Outlaw, in retaliation of Plaintiffs prior filed and settled lawsuits, had issued a false, fraudulent, and extremely defective affidavit for his arrest.

21. On January 4, 2019, the Department and Outlaw had again issued a second false, fraudulent and defective affidavit pertaining to the KFC robbery aforementioned.

22. On March 19, 2019, the KFC cashier, again, failed to identify the Plaintiff as the robber in Court.

23. On March 28, 2019, the TD Bank bank teller, too, failed to identify the Plaintiff as the robber in Court.

24. However, the Office and Krasner, without any evidence or probable cause, and in retaliation of Plaintiffs aforementioned previously filed lawsuits, had filed false, fraudulent, and extremely defective informations with the Court, under Fox's supervision, on March 21, 2019, April 3, 2019, and April 17, 2019 under

the following Court criminal docket numbers:

A. CP51CR-0001995-2019

B. CP51CR-0002223-2019

C. CP51CR-0002622-2019

25. On November 25, 2019, the Office and Krasner filed a motion to consolidate all three (3) criminal dockets into one (1) trial.

26. On December 13, 2019, the Court, under Fox's supervision, granted the motion and consolidated all criminal dockets together.

27. On September 11, 2020, Sigman had entered his appearance as appointed counsel for Plaintiff, for all 3 criminal cases.

28. However, in retaliation of Plaintiffs aforesaid lawsuits, the Office, Krasner, the Court, Fox, the Department, and Outlaw, had all conspired with Sigman, for Sigman to work with the prosecution, to Plaintiffs detriment, instead of acting in behalf of Plaintiff and protecting his interest.

29. In so doing, Sigman, since the date of appointment, aforesaid, had knowingly and willfully:

A. Failed to communicate with Plaintiff.

B. Abandoned his legal duties and responsibilities owed to Plaintiff.

C. Failed to establish any defensive tactics with Plaintiff for trial.

D. Failed to challenge the constitutionality of Plaintiffs unlawful arrest and subsequent prosecution.

E. communicating with the other Defendants in a fraternizing manner instead of adversarial.

F. agreeing with the corrupt and malicious process instead of finding a solution to disable it.

Case ID: 220201940

30. The Court and Fox denied Plaintiff access to the Criminal Justice Center, at least 7 times, through supervisory and administrative orders.

31. Instead of protecting Plaintiffs' speedy trial rights, the Court and Fox suspended Rule 600 during the Covid pandemic.

32. Plaintiff has missed approximately 7 trial dates because of the Defendants' aforesaid acts and omissions.

33. As a result of the aforementioned acts and omissions of the Defendants, Plaintiff was, and continues to be subject to:

    A. imprisoned and prosecuted in violation of statutory laws including the State and Federal Constitutions.

    B. actual and future expenses in defending himself.

    C. loss of liberty.

    D. harm to his reputation.

    E. physical pain and discomfort from incarceration.

    F. interruption with his employment and college degree.

    G. mental anguish, humiliation, and emotional distress.

## Count One - Retaliation:

34. Plaintiff repeats and realleges paragraphs 1 through **33**.

35. As aforesaid, Plaintiff had engaged in protected activity by filing and/or settling lawsuits against Defendants.

36. In response, the Defendants engaged in their aforementioned misconduct towards Plaintiff, to which caused Plaintiff the aforesaid harm.

WHEREFORE, Plaintiff seeks judgment against Defendants for an amount in excess of $50,000, punitive damages, costs, fees, and injunctive relief.

Case ID: 220201940

Count Two - Malicious Use of Process:

37. Plaintiff repeats and realleges paragraphs 1 through 36.

38. As aforesaid, the Defendants knowing and intentionally, prosecuted, and continues to prosecute a groundless criminal action against Plaintiff, for the malicious purpose of retaliating against him for the exercise of his right to sue.

WHEREFORE, Plaintiff demands judgment against Defendants for an amount in excess of $50,000.00, punitive damages, costs, fees, and a preliminary injunction.

Count Three - Abuse of Process:

39. Plaintiff repeats and realleges paragraphs 1 through 38.

40. As aforesaid, Defendants initiated a groundless and unlawful criminal process against Plaintiff, in a lawful manner, yet, for purposes of retaliating and harassing Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for an amount in excess of $50,000.00, punitive damages, costs, fees, and injunctive relief.

Count Four - Civil Conspiracy:

41. Plaintiff repeats and realleges paragraphs 1 through 40.

42. As aforesaid, Defendants conspired, through a series of document filings that were compiled of fraudulent representations and false pretenses, with a plan to retaliate, and use a legal process against Plaintiff, in an unlawful manner, and for unlawful reasons.

WHEREFORE, Plaintiff demands judgment against Defendants for an amount in excess of $50,000.00, costs, fees, and injunctive relief.

Case ID: 220201940

Count Five - Legal Malpractice:

43. Plaintiff repeats and realleges paragraphs 1 through 42.

44. As aforesaid, Defendant Sigman knowingly and intentionally had deviated from an acceptable professional standard, and in so doing, violated the Constitution and Pennsylvania Rules of Professional Conduct.

45. Such conduct of Sigman was the cause in bringing about the harm that Plaintiff suffered, and continues to suffer, from the Defendants' malicious use of Process, Aforesaid.

WHEREFORE, Plaintiff demands judgment against Defendant Sigman for an amount in excess of $50,000.00, punitive damages, costs, fees, and injunctive relief.

Charles Talbert

Executed This 23rd day of January, 2022

Case ID: 220201940

## VERIFICATION

I, _Charles Talbert_, Plantiff/Defendant, verify that the facts set forth in the foregoing are true and correct to the best of my information, knowledge and belief.

I understand that the statements contained herein are subject to the Penalties of 18 Pa.C.S.A., Section 4904 relating to unsworn falsification to authorities.

_Charles Talbert_
(Print Name)

(Signature)

Date: _1-23-22_

Philadelphia Court of Common Pleas          January 23, 2022

Charles Talbert                    No.

vs.                                                      term, 2022

Philadelphia County District

Attorneys Office, et Al.          Certificate of Merit


I, Charles Talbert, hereby certify that expert testimony of an appropriate licensed professional is unnecessary for prosecution of this claim to show that Scott Sigman deviated from an acceptable standard under the Rules of Professional Conduct.



                              Respectfully submitted,

                              Charles Talbert


Case ID: 220201940

Philadelphia County Court of Common Pleas    January 03, 2022

Charles Talbert                    No.

VS.                                          Term, 2022

Philadelphia County District
Attorneys Office, et al.        Charles Talbert's Declaration

1. I, Charles Talbert, am the Plaintiff in this civil matter.

2. The Defendants have initiated a criminal process against me, maliciously, and in retaliation of prior lawsuits.

3. The Defendants are abusing a legal process for unlawful purposes.

4. I have not been to Court for these criminal matters since December 2019, which is over 2 years without getting into trial or argue my pending motions to suppress and dismiss.

5. Sigman has never communicated with me, and has failed to establish any defensive tactics for trial.

6. All Defendants are conspiring to violate my rights.

7. The Defendants' conduct demonstrates a clear fundamental miscarriage of justice.

I hereby declare under penalty of perjury that the statements made herein are true and correct. 18 PA.C.S. 4904

Charles Talbert

Case ID: 220201940

**FILED**
02/18/2022 10:47 am
**Civil Administration**
S. MACGREGOR

PHILADELPHIA COURT OF COMMON PLEAS
PETITION/MOTION COVER SHEET

**CONTROL NUMBER:**

**027158**

*(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)*

| FOR COURT USE ONLY | |
|---|---|
| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE: |

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response.*
*Status may be obtained online at http://courts.phila.gov*

220201940
Month          Term, 2022
                Year

No._____

Charles Talbert

vs.

Philadelphia Cty. Dist. Attys. Office, et al

Name of Filing Party: Charles Talbert

(Check one)    ☑ Plaintiff    ☐ Defendant
(Check one)    ☑ Movant    ☐ Respondent

Has another petition/motion been decided in this case?    ☐ Yes  ☑ No
Is another petition/motion pending?

*If the answer to either question is yes, you must identify the judge(s):*    ☐ Yes  ☑ No

INDICATE NATURE OF DOCUMENT FILED:

☐ Petition (Attach Rule to Show Cause)    ☑ Motion
☐ Answer to Petition    ☐ Response to Motion

TYPE OF PETITION/MOTION *(see list on reverse side)*
Motion For Preliminary Injunction

PETITION/MOTION CODE *(see list on reverse side)*
PRINJ

ANSWER/RESPONSE FILED TO *(Please insert the title of the corresponding petition/motion to which you are responding):*

**I. CASE PROGRAM**

Is this case in the *(answer all questions)*:

**A. COMMERCE PROGRAM**
Name of Judicial Team Leader: _____
Applicable Petition/Motion Deadline: _____
Has deadline been previously extended by the Court?
☐ Yes  ☐ No

**B. DAY FORWARD/MAJOR JURY PROGRAM** — Year_____
Name of Judicial Team Leader: _____
Applicable Petition/Motion Deadline: _____
Has deadline been previously extended by the Court?
☐ Yes  ☐ No

**C. NON JURY PROGRAM**
Date Listed: _____

**D. ARBITRATION PROGRAM**
Arbitration Date: _____

**E. ARBITRATION APPEAL PROGRAM**
Date Listed: _____

**F. OTHER PROGRAM:** _____
Date Listed: _____

**II. PARTIES** (required for proof of service)
(Name, address and *telephone number* of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

District Attorney Defendants
3 S Penn Sq., Phila. PA. 19167

Court of Common Pleas Defendants
1301 Filbert St., Phila. PA 1967

Philadelphia Police Defendants
One Franklin Sq., Phila, PA 19106

Scott Sigman
2101 Pine St., Phila. PA. 19103

Charles Talbert - QH4787
2500 Lisburn Road
Camp Hill, PA 17001

**III. OTHER**

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

_____
*(Attorney Signature/Unrepresented Party)*

1-23-22
*(Date)*

Charles Talbert
*(Print Na*

PRINJ-Talbert Vs Phila County Da Office Etal

The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Ans
Answer/Response Date will be granted even if the parties so stip

30-1061 (Rev. 8/2014)

Case ID: 220201940
220201940000 Control No.: 22027158

Philadelphia Court of Common Pleas        January 23, 2022

Charles Talbert                    No.
v.                                    term, 2022
Philadelphia County District      Plaintiffs Rule 1531 Motion For Special
Attorneys Office, etal.           Relief. Oral Argument Requested.

1. Plaintiff incorporates his complaint, certificate of merit, and declaration as if fully set forth herein.
2. The Defendants have initiated a malicious prosecution against Plaintiff.
3. The Defendants are abusing an otherwise legal process against Plaintiff, for an illegal purpose.
4. The Defendants are retaliating against Plaintiff for his prior lawsuits.
5. Plaintiffs counsel is working with Defendants in this conspiracy to maliciously and vindictively prosecute Plaintiff.
6. Defendants have denied Plaintiff his First Amendment Constitutional right, and Article I, Section II Constitutional right to access the Court to defend his name and challenge the lawfulness of his arrest.

WHEREFORE, Plaintiff will continue to suffer irreparable and immediate harm through this miscarriage of justice, and thus, respectfully requests this Court to grant him special relief, and in so doing, direct the trial court to immediately hold an evidentiary hearing to decide the legality of his arrest (probable cause) and legality of his time (speedy trial); to direct the production of all discovery documents and photographs; to withdraw Sigman as counsel, and to stay the criminal proceedings.

Respectfully submitted _____ Charles Talbert

Case ID: 220201940
Control No.: 22027158

Ref: 3455713 pg 32 of 37 for CHARLES TALBERT

Philadelphia Court of Common Pleas    January 23, 2022

Charles Talbert                    No.

vs.                                          term, 2022

Philadelphia County District    Plaintiffs Brief In Support of
Attorneys Office, etal.    His Rule 1531 Motion.

### Standard of Review

A court shall issue a preliminary injunction only after written notice
and hearing unless it appears to the satisfaction of the court that im-
mediate and irreparable injury will be sustained before notice can be
given or a hearing held, in which case the court may issue a prelimi-
nary or special injunction without a hearing or notice. Pa.R.C.P. 1531(a).

### Argument

In First Amendment cases seeking a preliminary injunction, the govern-
ment bears the burden of proving that the law is constitutional; thus, the
plaintiff must be deemed likely to prevail if the government fails to show
the constitutionality of the law. See: Chamber of Commerce v. City of Phila-
delphia, 949 F.3d 116 (3d Cir. 2020) and SEIU Healthcare PA. v. Commonwealth,
628 Pa. 573 (S.Ct. PA. 2016) (explaining the 6 essential prerequisites
that a moving party must demonstrate to obtain an injunction.

### Conclusion

As Plaintiff can show this Honorable Court that he meets the
criterion for all 6 elements of obtaining injunctive relief,
he respectfully requests this Court to grant the within motion
and/or to set a timely date for oral argument.

Respectfully submitted,

Charles Talbert

Case ID: 220201940
Control No.: 22027158

## IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION - CIVIL

Charles Talbert
_____
Plaintiff/Petitioner

         :
         :
         :

_____Term, 20 22

v.

Philadelphia District
Attorneys Office, etal
_____
Defendant/Respondent

         :
         :

No._____

Control No._____ **027158**

### RULE

AND NOW, this ____ day of _____, _____, upon consideration of the

foregoing Motion/Petition _for Preliminary Injunction_____

_____

_____, a RULE is hereby entered upon the Respondent to show cause why the relief requested

therein should not be granted.

RULE RETURNABLE on the _____ day of _____, _____, at

_____ a.m./p.m., in Courtroom _____, City Hall, Philadelphia, PA 19107.

BY THE COURT:

_____
                              J.

Case ID: 220201940
Control No.: 22027158

**IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION - CIVIL**

Charles Talbert

_____
Plaintiff

v.

Philadelphia County
District Attorneys Office, etal
Defendant

_____ Term, 20 22

No._____

Control No._____ **027158**

## ORDER

AND NOW, this ____ day of _____, ____, upon consideration of the
Motion/Petition _____ for Preliminary Injunction _____

_____, and
any response thereto, it is ORDERED and DECREED that said Motion/Petition is _____

_____. GRANTED

_____

_____

_____

_____

BY THE COURT:

_____
J.

Case ID: 220201940
Control No.: 22027158

**VERIFICATION**

I, _Charles Talbert_ , Plaintiff/Defendant, verify that the facts set forth in the foregoing are true and correct to the best of my information, knowledge and belief.

I understand that the statements contained herein are subject to the Penalties of 18 Pa.C.S.A., Section 4904 relating to unsworn falsification to authorities.

_Charles Talbert_
(Print Name)

_[signature]_
(Signature)

Date: _1-23-22_

Case ID: 220201940
Control No.: 22027158

## CERTIFICATION OF SERVICE

I, _Charles Talbert_____, hereby certify that a true and correct copy of the
foregoing Motion/Petition and accompanying papers, was served on the below listed addresses by First-Class
United States mail, postage pre-paid on ___1-23-22___ (date):

Name: _Office of Judicial Records_
Address: _296, City Hall_
Address: _1400 Broad Street_
City, State, Zip Code: _Phila, PA, 19107_

Name: _Office of Attorney General_
Address: _1600 Arch Street_
Address: _Suite 300_
City, State, Zip Code: _Phila, PA 19103_

Name: _City of Phila, Law Dept._
Address: _1515 Arch Street_
Address: _14th Floor_
City, State, Zip Code: _Phila, PA, 19102_

Date: _1-23-22_                    By: 

Case ID: 220201940
Control No.: 22027158



Charles Talbert
No. QA4707
SCI Camp Hill
2500 Lisburn Rd.
Camp Hill, PA 17001

LEGAL
RETURN
MAIL

Charles Talbert
No. QA4727
SCI Camp Hill
2500 Lisburn Rd.
Camp Hill, PA 17001

LEGAL
MAIL

TO: Office of the Clerk
U.S. Courthouse
Eastern District
601 Market Street
Philadelphia, PA. 19106



US POSTAGE PITNEY BOWES

ZIP 17011   $ 002.76
02 4W
0000375947 MAR 18 2022

RECEIVED
MAR 21 2022

U.S.M.
X-RAY