Charles Talbert     In The United States District Court
No. QA4727          For The Eastern District of Pennsylvania
SCI. Camp Hill
2500 Lisburn Road
Camp Hill, PA. 17001                May 23, 2022

Charles Talbert        No. 22-cv-1115-CFK
vs.                    Brief In Support of Section 2241
Laurel Harry, et al.   Habeas Corpus Petition

## Standard of Review:

Petitioner, Charles Talbert, is pursuing habeas relief under 28 USCS 2241 to "challenge the legality of his custody." See, Coady v. Vaughn, 251 F.3d 480 (3rd 2001). History reveals that, in granting a habeas corpus petition, "discharge of defendants has been the remedy for generations upon generations of jurists". Commonwealth v. Burke, 2021 PA. Super. 167 (Aug. 19, 2021).

## Questions Presented:

1. By arresting, detaining, and prosecuting Petitioner, without having first obtained probable cause, can this amount to a Fourth Amendment Constitutional violation?
   Suggested Answer: Yes.

2. By filing criminal complaints in January 2019, and thereafter, failing to follow procedural rules in bringing Petitioner to trial, can this amount to a Sixth Amendment Constitutional violation?
   Suggested Answer: Yes.

3. By appointed counsel doing nothing on Petitioner's behalf, and

intentionally, failing to introduce himself and communicate with Petitioner for more than 3 years, can this amount to a Sixth Amendment Constitutional violation?
Suggested Answer: Yes.

4. By the lower court routinely scheduling proceedings and trial dates, yet, failing to provide Petitioner notice, and/or, a hearing, before arbitrarily and capriciously seeking to continue them, can this amount to a Fourteenth Amendment Constitutional violation?
Suggested Answer: Yes.

Brief Statement of Facts:

In November 2018, a PNC Bank in Philadelphia was allegedly the victim of a botched demand note robbery. No money was taken. In early December, 2018, a TD BANK in Philadelphia was allegedly the victim of a demand note robbery. Approximately $3,000.00 was allegedly taken. On December 9, 2018, while intoxicated on PCP, the Petitioner had allegedly called New Jersey police to turn himself in for a bank robber(y) that occurred in Philadelphia, Pennsylvania. After police in New Jersey had arrested Petitioner on an investigative arrest, the Federal Bureau of Investigations (FBI) informed New Jersey to release Petitioner from its custody, due to no evidence, and no probable cause to hold him criminally liable for the bank robbery. On December 11, 2018, the Philadelphia Police had shown both bank tellers, from each aforementioned bank, a six-person photo array that included Petitioner, to which both tellers were unable to identify him. Nevertheless, on mere suspicion, Philadelphia Police had used a defective affidavit of probable cause to obtain an arrest warrant.
On December 22, 2018, a Kentucky Fried Chicken (KFC), was the

alleged victim of a botched demand note robbery. No money was taken. The cashier was unable to identify Petitioner in a photo array. The general manager of the KFC, to whom didn't witness the incident, had allegedly got into his vehicle several minutes after the incident, and had taken a picture on his cellular phone of a random person to whom allegedly was in his restaurant attempting to rob it. The Philadelphia Police used the general manager's phone picture to create a defective affidavit of probable cause, when only they had reasonable suspicion.

On January 8, 2019, Philadelphia Police arrested Petitioner, and then transported him to the FBI building. After clearing Petitioner again of the robberies under their investigation, the Philadelphia Police, however, had transported him to their headquarters to be processed and then charged with: robbery, criminal attempt, possession of instrument of crime, terroristic threats, theft by unlawful taking, and, receiving stolen property.

On January 18, 2019, Philadelphia Police charged Petitioner, again, for the KFC incident, with: Robbery, terroristic threats, and recklessly endangering another person (this charge was dismissed without providing enough evidence at Petitioner's preliminary hearing.

On November 25, 2019, the Philadelphia District Attorneys Office had filed a motion to consolidate all 3 criminal matters aforementioned. On December 13, 2019, the lower court granted the motion to consolidate.

On September 11, 2020, Scott P. Sigman, Esq, entered his appearance as appointed trial counsel for all 3 consolidated cases. From this date, to present, Mr. Sigman has failed to introduce himself to the

Petitioner, or provide him any representation required under standards established by the Rules of Professional Conduct and Constitution.

On November 25, 2020, in case CP51CR0001995, Petitioner filed a motion for removal of counsel, to which he never received a hearing on. On October 11, 2019, Petitioner filed a motion to suppress evidence in case(s) CP51CR0002223, and CP51CR0002622-2019, to which he never received a hearing on. On October 15, 2020, Petitioner filed a motion to dismiss for speedy trial violations, in all 3 cases, to which he never received a hearing on.

On March 2, 2022, Petitioner filed an Application for Leave to File An Original Process-Petition for Writ of Habeas Corpus and Collateral Relief, with the Supreme Court of Pennsylvania, which raised constitutional questions regarding probable cause, speedy trial, and ineffective counsel. However, the court had refused to rule on these constitutional questions due to Petitioner having counsel. This conflict of interest has caused Petitioner to remain pretrial detained, for over 3 years, with no effective counsel, and with no other way to seek relief.

## Argument:

For the following reasons, this Honorable Court should grant Petitioner habeas corpus relief and dismiss all pending criminal cases.

### 1. Petitioner Has Exhausted His State Remedies:

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thus giving the state the first "opportunity to pass upon and correct alleged violations of

its prisoners' federal rights". Duncan v. Henry, 513 U.S. 364 (1995) (per curiam). A claim for habeas corpus relief has been exhausted where the claim has been "fairly presented" to the state courts. Baldwin v. Reese, 541 U.S. 27 (2004).

As aforementioned, Petitioner sought relief in the trial court for violations of his federal rights pertaining to probable cause, speedy trial, and ineffective counsel, to which he couldn't seek relief in, nor any other state court, while represented by counsel, to whom Petitioner sought to be withdrawn for being ineffective. Petitioner then sought review in the highest state court, as aforementioned, to which he presented his federal claims. The state supreme court also refused to rule on those claims due to Petitioner having counsel. As such, all aforesaid claims have been fairly presented for correction, to the trial court all the way to the state supreme court.

11. Petitioner Is In Custody In Violation of His Fourth Amendment Constitutional Right For Lack of Probable Cause:

The right of the people to be secure in their persons... against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation... Fourth Amendment to the U.S. Constitution. No arrest warrants shall "issue but upon probable cause... Pa.R.Crim.P. 513 (B). See also, Dunaway v. New York, 442 U.S. 200 (1979). The legal principles applicable when reviewing the sufficiency of an affidavit to determine whether it establishes the probable cause necessary for the issuance of a warrant are well established. See generally,

Commonwealth v. Zelasny, 430 PA. Super. 585 (Dec. 15, 1993). The Fourth Amendment to the U.S. Constitution and PA. Const. Art. I, Section 8, both protect citizens from unreasonable searches and seizures. The exclusionary rule is a judicially-created device that prohibits the use of evidence obtained in violation of these rights. Commonwealth v. Hopkins, 640 PA. 604 (S.Ct. PA. June 30, 2017).

As aforementioned, the FBI stated that there was no evidence, nor any probable cause, for Petitioner's arrest. This is even mentioned in the Philadelphia Police Department's Affidavit of probable cause. Both bank tellers failed to identify Petitioner in police photo arrays. This too was mentioned in the PPD's Affidavit. These 2 issues clearly make the PPD's Affidavit of probable cause defective in cases CP51CR0002223-2019 and CP51CR0002622-2019. In the KFC case, the cash register failed to identify Petitioner. The general manager, that failed to personally witness the alleged criminal activity, had gotten into his vehicle, and left the scene to another section of the area, and had taken a photo of a person believed to be the alleged suspect. This photograph was "assumed" to be Petitioner, and without more, only amounted to "reasonable suspicion". However, this level of suspicion does not give rise to that of the belief that is supported by probable cause, thus, being as though the Petitioner's arrest was invalid due to a defective affidavit of probable cause, in violation of the Fourth Amendment, any identification and evidence should have been suppressed.

III. Petitioner Is In Custody In Violation of His Sixth Amendment Constitutional Right For Speedy Trial Violations:

Trial in a court case in which a written complaint is filed against the defendant "shall" commence within 365 days from the date on which the complaint is filed. Pa.R.Crim.P.600(A)(2)(a). When a defendant has not been brought to trial within the time period set forth in paragraph (A), at any time before trial, defense may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. Judge "shall" conduct a hearing. Pa.R.Crim.P.600(D)(1). The constitutional guarantee to a speedy trial has universally been thought essential to protect at least three basic demands of criminal justice in the Anglo-American legal system: "(1) to prevent undue and oppressive incarceration prior to trial, (2) to minimize anxiety and concern accompanying public accusation, and (3) to limit the possibilities that long delay will impair the ability of an accused to defend himself." Smith v. Hoey, 393 U.S. 374 (1969). The remedy for denial of speedy trial is dismissal of the charges. Strunk v. U.S., 412 U.S. 434 (1973); Barker v. Wingo, 407 U.S. 514 (1972); Commonwealth v. Bunter, 445 Pa. 413 (1971).

As aforementioned, Petitioner, as of May 23, 2022, has been pre-trial detained for 1,220 days (3½ years). Petitioner has been incarcerated 855 days beyond the states' statutory deadline. This is clearly a procedural defect. In addition to this procedural defect, the State has accused Petitioner of committing, or, attempting to commit various demand note robberies, at specified places, and most importantly, at specified dates and times. On each date and time of occurrence, Petitioner was home sleep at his fathers house. At trial, Petitioners father was going to testify to this. However, on or about February 7, 2022, Petitioner's father had died

from a heart attack, thus, preventing him from testifying in Petitioners behalf. As this testimony could have been made and preserved during the time frame allotted by statute, the fact that the lower court, state, and defense counsel failed to allow Petitioner to preserve such relevant testimony, impaired his ability to defend himself, thus, by undue delay, Petitioner has been prejudiced.

IV. Petitioner Is In Custody In Violation of His Sixth Amendment Constitutional Right For Counsel Being Ineffective:

To obtain relief, a petitioner must demonstrate that "counsel's performance was deficient and that the deficiency prejudiced the petitioner". A petitioner establishes prejudice when he demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668 (1984). It is the duty of the lawyer to "conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case". See, Rompilla v. Beard, 545 U.S. 374 (2005). The "period between appointment of counsel and the start of trial is indeed a 'critical stage' for Sixth Amendment purposes". See, Mitchell v. Mason, 325 F.3d 732 (6th Cir. 2003). The "Accused is guaranteed that he need not stand alone against the state at any state of the prosecution ... where counsel's absence might derogate from the accused's right to a fair trial". See, U.S. v. Wade, 388 U.S. 218 (1967). A "serious conflict" between counsel and his client gives rise to a presumption of prejudice. Perry v. Leeke, 488 US 272 (1989).

As aforementioned, Petitioner's counsel was appointed September 11, 2020. At no time did his appointed counsel introduce himself, communicate with Petitioner in any way, investigate the facts, prepare a defense, file any pretrial motions, or withdraw after being asked to. Appointed trial counsel, most importantly, and most shockingly, failed to speak with Petitioner to obtain his whereabouts during the date and times of the alleged crimes. Had appointed counsel promptly obtained this relevant alibi testimony, or affidavit, from Petitioner's father, then the trial, and any proceeding beforehand, would have been more fair, and not just relying on the States' evidence.

V. Petitioner Is In Custody In Violation of His Fourteenth Amendment Constitutional Right For Lack of Due Process:

By requiring that a state may not deprive a person of life, liberty, or property without due process of law, the Federal Constitution's Fourteenth Amendment "protects the individual against arbitrary action of government". See generally, KY DOC v. Thompson, 490 US 454 (1989).
As aforementioned, there has been multiple proceedings and trial dates scheduled in Petitioner's consolidated cases, to which Petitioner received no notice (subpoena) or hearing on. Petitioner's liberty is at stake. He has filed motions to withdraw counsel, yet, the lower court has, and continues to arbitrarily allow for his counsel to be ineffective, without giving him an opportunity to present these issues on record.

Conclusion:
WHEREFORE, for the reasons set forth herein, Petitioner respect-

fully requests for this Honorable Court to grant him habeas corpus relief and to dismiss all aforesaid charges from each consolidated trial case.

Respectfully submitted,

Charles T Albert

May 23, 2022

Charles Talbert
QA4727
SCI Camp Hill
2500 Lisburn Rd.
Camp Hill, PA. 17001

LEGAL

TO: Clerk of Court
U.S. Courthouse
601 Market Street
Phila, PA. 19106





RECEIVED MAY 31 2022