IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TALBERT,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | |
| v. | : | |
| | : | |
| **LAUREL HARRY, et al.** | : | **NO. 22-cv-1115** |
| *Respondents*. | : | |

### MEMORANDUM

**KENNY, J.**                                                                                                 **September 2, 2022**

### I. INTRODUCTION

Petitioner Charles Talbert filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his ongoing pre-trial detention stemming from multiple robbery charges in 2019. Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation recommending that the habeas corpus petition be dismissed without prejudice. ECF No. 11. Talbert filed objections. ECF No. 12. For the reasons set forth below, the Report and Recommendation are adopted. The petition is dismissed without prejudice.

### II. BACKGROUND

The Report and Recommendation summarizes the factual and procedural background of this case in detail. *See* ECF No. 11 at 1-3. In brief, on January 18, 2019, Talbert was arrested in relation to three separate robberies and charged with multiple counts of robbery, terroristic threat, and reckless endangerment. *Id*. at 1. Talbert has remained in pre-trial detention while several continuances were granted at the request of both parties. On March 22, 2022, the court scheduled Talbert's trial for May 1, 2023. *Id*. at 2. On May 23, 2022, Talbert filed *pro se* petition

for writ of habeas corpus and an accompanying Brief in Support. ECF Nos. 6, 7. Talbert raised the following grounds for relief:

1. Violation of his Fourth Amendment rights due to lack of probable cause to support the arrest warrant issued against him,
2. Violation of his Sixth Amendment right to a speedy trial,
3. Violation of his Sixth Amendment right to effective assistance of counsel, and
4. Violation of his Fourteenth Amendment right to due process.

ECF No. 6 at 5-9. On July 6, 2022, Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation in which she concluded that federal court intervention was unwarranted. ECF No. 11 at 6. Judge Sitarski found that Talbert's petition was unexhausted and that no extraordinary circumstances exist because the "Pennsylvania state courts are the proper forum for addressing the issues raised in the petition" and Talbert maintains the ability to "avail himself of post-conviction remedies once his trial is complete." *Id*. Talbert filed objections to the Report and Recommendation arguing that he has exhausted available state remedies and that, even without exhaustion, his extraordinary circumstances warrant relief. ECF No. 12 at 5.

### III. STANDARDS OF REVIEW

#### A. R&R Review

When a petitioner files objections to a report and recommendation, the district court must conduct a de novo review of those portions of the report to which specific objections are made. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 148 (3d Cir. 2016). The "court may accept, reject, or modify, in

whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

### B. Summary Dismissal

A district court is authorized to summarily dismiss a habeas petition when it plainly appears that the petitioner is not entitled to relief in the district court. *See Divner v. Commonwealth v. Pennsylvania*, No. 05-1197, 2005 WL 2106560, at *2 (W.D. Pa. Aug. 29, 2005) (explaining Rule 4 of the Rules Governing § 2254 Cases has been applied to summarily dismiss § 2241 petitions; collecting cases); *see also Ukawabutu v. Morton*, 997 F. Supp. 605, 608 n.2 (D.N.J. Mar. 9, 1998); 28 U.S.C. § 2243 (the court shall order a response "unless it appears from the application that the applicant or person detained is not entitled thereto"). Rule 4 states that a judge must order the respondent to file an answer only "[i]f the petition is not dismissed . . . ." *See* Rules Governing § 2254 Cases, Rule 4. "[W]here it is plainly apparent from the face of the petition that the petitioner will not prevail, the petition should be dismissed without ordering the respondent to answer." *Pritchard v. Wetzel*, No. 13-5406, 2014 WL 199907, at *2 (E.D. Pa. Jan. 16, 2014). Under Rule 4, a federal habeas court may take judicial notice of state court records, dockets, and/or state court opinions, as well as its own court records. *See Richardson v. Thompson*, No. 13-1466, 2014 WL 65995, at *3 (W.D. Pa. Jan. 8, 2014).

### C. Exhaustion and Procedural Default

We cannot grant an application for a writ of habeas corpus unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b). Exhaustion under § 2254(b) requires a petitioner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Therefore, a petitioner must preserve each

claim at the state appellate level and consistently use the same factual and legal theories to support each claim. *Landano v. Rafferty*, 897 F.2d 661, 669 (3d Cir. 1990); *see also Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004) (exhaustion satisfied only if claim fairly presented at each level of the state court system) (citing *O'Sullivan*, 526 U.S. at 844-45). The habeas petitioner has the burden of proving exhaustion to the federal court. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

IV.     ANALYSIS

We have conducted a de novo review of the portions of the Report and Recommendation to which Talbert objects and adopt the Report and Recommendation in its entirety and incorporate the same herein.

### A. Petitioner Did Not Exhaust State Court Remedies

In his objections, Talbert argues that Magistrate Judge Sitarski misapplied federal law and claims that his habeas claims have been "fairly presented" to the highest state court and are therefore exhausted. ECF No. 12 at 4 (citing *Braden v. 30th Judicial Cir. of Ky.*, 410 U.S. 484 (1973)). Not so. Exhaustion requires that the petitioner present their constitutional claims to state court and offer those courts an opportunity to consider the claims on the merits. *See Braden*, 410 U.S. at 490-91. "[I]t is not sufficient merely that the federal habeas applicant has been through the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971). When determining whether a petitioner has exhausted their state remedies, the federal court considers whether the instant petition is an effort "to abort a state proceeding or disrupt the orderly functioning of state judicial processes." *Braden*, 410 U.S. at 491. In Talbert's case, although he petitioned the Supreme Court of Pennsylvania, the petition was declined for review because Talbert filed it as a *pro se* pleading despite the fact that he is represented by counsel. Accordingly, the petition was not fairly

4

presented and has not yet been considered by the Supreme Court of Pennsylvania. In addition, given the upcoming trial date, to review Talbert's federal habeas petition at this time would likely "abort a state proceeding or disrupt the orderly functioning of state judicial processes."

Talbert's references to *Duncan v. Henry*, 513 U.S. 364 (1995), and *Baldwin v. Reese*, 541 U.S. 27 (2004) are similarly unavailing. Because Talbert neither fairly presented his federal claims to the state courts, nor provided those courts with the opportunity to consider them on the merits, *Duncan* and *Baldwin* do not apply and do not allow review here. Talbert has yet to stand trial, let alone exhaust the appellate process of the state court system, which severely limits any ability to analogize his situation to the precedents he raises in his objection. Talbert has not exhausted his state court remedies, and his objection is overruled.

### B.  Petitioner Failed to Demonstrate Any Extraordinary Circumstances

Talbert argues that the treatment of his consolidated cases represents a "fundamental miscarriage of justice" that warrants waiver of the exhaustion requirement. ECF No. 12 at 5. Talbert cites several cases regarding a miscarriage of justice exception. One of these cases, *Sharrief v. Cathel*, 574 F.3d 225 (3d Cir. 2009) concerns a state's waiver of non-exhaustion in federal district court, which plainly does not apply here. The other cases concern claims of actual innocence in cases involving a petitioner sentenced to death, and similarly do not apply to the petition before us.

Talbert next argues that the Supreme Court of Pennsylvania acted arbitrarily and capriciously when it did not review his petition and that this would warrant an exception to the exhaustion requirement. This argument fails. Talbert's *pro se* petition was not reviewed because Talbert is presently represented by counsel in the state proceedings. In addition, Pennsylvania state courts are not federal agencies and not reviewable under the Administrative Procedure Act.

Talbert finally argues that the state court violated the state speedy trial rule and that this would also constitute an extraordinary circumstance excusing non-exhaustion. ECF No. 12 at 7. As Judge Sitarski noted, Talbert's trial is currently scheduled for May 1, 2023, and the Court does not find an extraordinary circumstance that would allow Talbert to bypass the exhaustion requirement. Accordingly, his objection based on extraordinary circumstances is overruled.

Talbert has failed to exhaust his remedies and failed to demonstrate extraordinary circumstances that would excuse non-exhaustion. Additionally, as trial is now scheduled, Talbert's petition appears to be an attempt "to abort a state proceeding or disrupt the orderly functioning of state judicial processes." The petition is dismissed without prejudice to filing a § 2254 petition if necessary and appropriate after Talbert has stood trial and exhausted his claims in state court.

## V.     CONCLUSION

Upon de novo review, this Court OVERRULES Talbert's objections and DISMISSES WITHOUT PREJUDICE the petition for writ of habeas corpus. The Report and Recommendation are ADOPTED. An appropriate order follows.

**BY THE COURT:**

**/s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, JUDGE**