**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES TALBERT,** | : | |
| **Petitioner,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO.  22-CV-1115** |
| | : | |
| **LAUREL HARRY**, *et al.,* | : | |
| **Respondents.** | : | |

## <u>MEMORANDUM</u>

**KENNEY, J.**                                                   **OCTOBER 10, 2023**

### I.        INTRODUCTION

Petitioner Charles Talbert ("Talbert"), in federal court on a habeas petition, moves for a Preliminary Injunction seeking to ameliorate his conditions in prison. Talbert has also moved for additional miscellaneous relief, including the return of his legal materials by the prison, evidentiary hearings, and sanctions on the Government. For the reasons set forth below, the Court will deny all five of Talbert's pending motions. ECF Nos. 31, 34, 36, 43, and 45.

### II.        BACKGROUND AND PROCEDURAL HISTORY

The Court writes for the benefit of the parties, and will assume a basic familiarity with the nature of this case. *See Jacobs v. Mayorkas*, 2021 WL 1979436 at *1 (E.D. Pa. May 18, 2021). In brief, Talbert has been incarcerated since 2019 after being charged with three separate robberies in a case in the Philadelphia County Court of Common Pleas. *Talbert v. Harry*, 2022 WL 4073349 at *1 (E.D. Pa. July 6, 2022). His trial is currently scheduled for October 2023. *See* ECF No. 40, Ex. H at 1. Talbert was also convicted in an unrelated case in October 2019, for which he is still serving a term of imprisonment of 41 to 84 months. *See Talbert v. Harry*, 2022 WL 17404269 at *1 (E.D. Pa. Dec. 2, 2022). In this case, Talbert filed a habeas corpus petition in March 2022, which was dismissed.  ECF Nos. 1, 11, 15.  In June 2023, Talbert filed a Motion for

Reconsideration Nunc Pro Tunc, which this Court construes as a Motion to Vacate Judgment or Order pursuant to Federal Rule of Civil Procedure 60(b)(1); this motion is pending. ECF No. 17. During the pendency of his second habeas petition, Talbert filed five motions. The first sought sanctions against prison officials and injunctive relief in the form of return of legal materials he alleges prison officials to have improperly taken from him. ECF No. 31. The second sought an evidentiary hearing and injunctive relief in the form of return of discovery materials in his case, which Talbert alleges are being improperly retained by his attorney. ECF No. 34. The third was a motion for Preliminary Injunction which sought Talbert's transfer from solitary confinement into the general prison population. ECF No. 36. Following that, Talbert filed a motion for sanctions against the Government for failure to respond to his prior motions, ECF No. 43, and a motion for an evidentiary hearing regarding Talbert's counsel in his underlying criminal case. ECF No. 45.

## III.   DISCUSSION

In a federal habeas action, the Court is limited in the relief it can provide. When a habeas action "ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). It is black letter law in the Third Circuit that "habeas corpus may not be used to challenge the conditions of confinement." *Cardona v. Thompson*, 551 F. App'x 630, 632 (3d Cir. 2013) (citing *Leamer*, 288 F.3d at 542). The stringent standard for making out a habeas claim requires that a successful claim "would *necessarily imply* that [petitioner] would serve a shorter sentence." *McGee v. Martinez*, 627 F. 3d 933, 936 (3d Cir. 2010) (emphasis in original). Therefore,

claims for any other relief arising from unconstitutional treatment by state actors must be brought in a § 1983 civil rights claim. *See Bronson v. Demming*, 56 F. App'x 551, 553 (3d Cir. 2002) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("prisoners' claims relating to the States' alleged unconstitutional treatment of them while in confinement are more appropriately presented pursuant to § 1983.")).

Talbert's Motion for Preliminary Injunction seeks relief only in the form of his transfer out of solitary confinement into the general prison population. *See* ECF No. 36. This category of claim, where "success for him would mean at most release into the general population" is precisely the situation that the Third Circuit has deemed suitable for a § 1983 claim and inapplicable to a habeas action. *Cardona*, 551 F. App'x at 632; *see also Bronson*, 56 F. App'x at 553 (denying habeas relief where petitioner "wish[ed] to be released from one type of confinement to another."). The same applies to Talbert's additional motions for miscellaneous relief. *See* ECF Nos. 31, 34, 43, and 45. These motions seek relief in the form of return of his legal materials from the prison, sanctions upon prison officials, evidentiary hearings, sanctions on the Government, and the transfer of discovery materials to Talbert from his attorney. *Id.* None of the relief sought by Talbert would directly affect the fact or length of his conviction.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's Motions (ECF Nos. 31, 34, 36, 43 and 45) will be denied. The Court does not take a position on the merits of these claims, but should Talbert wish to pursue them, he is instructed to file a separate civil action under 42 U.S.C. § 1983.

BY THE COURT:

/s/ Chad F. Kenney

CHAD F. KENNEY, JUDGE