IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TALBERT,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO.  22-CV-1115 |
| | : | |
| **LAUREL HARRY**, *et al.,* | : | |
| Respondents. | : | |

## MEMORANDUM

**KENNEY, J.**                                                                                           **OCTOBER 10, 2023**

### I.      INTRODUCTION

Petitioner Charles Talbert moves for reconsideration of his petition for habeas corpus, alleging defects in his initial habeas proceeding. ECF No. 17. For the reasons set forth below, the Court will deny this motion.

### II.     BACKGROUND AND PROCEDURAL HISTORY

The Court writes for the benefit of the parties, and will assume a basic familiarity with the nature of this case. *Jacobs v. Mayorkas*, 2021 WL 1979436 at *1 (E.D. Pa. May 18, 2021). In brief, Talbert has been incarcerated since 2019 after being charged with three separate robberies in a case in the Philadelphia County Court of Common Pleas. *Talbert v. Harry*, 2022 WL 4073349 at *1 (E.D. Pa. July 6, 2022). His trial is currently scheduled for October 2023. *See* ECF No. 40, Ex. H at 1. Talbert was also convicted in an unrelated case in October 2019, for which he is still serving a term of imprisonment of 41 to 84 months. *See Talbert v. Harry*, 2022 WL 17404269 at *1 (E.D. Pa. Dec. 2, 2022). In this case, Talbert filed a habeas corpus petition in March 2022, which was dismissed.  ECF Nos. 1, 11, 15.  In June 2023, Talbert filed a Motion for Reconsideration Nunc

Pro Tunc, which this Court construes as a Motion to Vacate Judgment or Order pursuant to Federal Rule of Civil Procedure 60(b)(1). ECF No. 17.

### III. DISCUSSION

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition. That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief. It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532.

2

"A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner advances a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it either challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532, n.4.

Here, Petitioner asserts a "true" 60(b) motion because he challenges the Court's determination that his failure to exhaust his remedies or demonstrate extraordinary circumstances foreclosed his habeas petition. On June 9, 2023, Petitioner filed a Motion for Reconsideration Nunc Pro Tunc, which the Court construes as a 60(b)(1) motion because he asserts that the Court erred as a matter of law in dismissing his initial habeas petition for failure to exhaust in state court. ECF No. 17; *see Kemp v. United States*, 142 S. Ct. 1856, 1860 (2022) ("a judge's errors of law are . . . 'mistake[s]' under Rule 60(b)(1)"); *see also id.* at 1861 (Rule 60(b)(6) relief is "available only when Rules 60(b)(1) through (b)(5) are inapplicable"). Having determined that Petitioner's 60(b) Motion is requesting relief under Rule 60(b)(1), Petitioner's 60(b) Motion was required to have been made within one year after the entry of the order under review. Fed. R. Civ. P. 60(c)(1). The Court denied Petitioner's habeas petition in September 2022, so his June 2023 motion is timely.

3

Petitioner makes two arguments in support of his motion. First, he argues, the Pennsylvania Supreme Court's refusal to adjudicate Petitioner's claims because of a rule barring *pro se* petitions from represented parties leaves him without available state corrective processes and he is therefore excused from the exhaustion requirement. 28 U.S.C. § 2254(b)(1)(B)(i). However, as this Court explained to Petitioner in a previous matter, "this is not an exception to the exhaustion requirement." *Talbert v. Pa. Att'y Gen.*, No. 20-CV-6330, 2021 WL 3165404, *7 (July 27, 2021) (citing *Young v. Superintendent Diguglielmo*, No. 15-CV-1830, 2016 WL 3511543, at *4 (E.D. Pa. Feb. 8, 2016)). Moreover, "pro se litigants have no right to 'hybrid representation.'" *U.S. v. Turner,* 677 F. 3d 570, 578 (3d Cir. 2012) (citing *McKaskle v. Wiggins*, 465, U.S. 168, 183 (1984)); *see also Turner,* 677 F. 3d at 579 ("we now hold that…parties represented by counsel may not file pro se briefs."). Contrary to Talbert's assertions, he is not without available remedies. In the first instance, he can convey his positions to his counsel who can file a brief on his behalf. This scheme "promotes effective advocacy" by allowing counsel to evaluate issues raised by their client "and present only the meritorious ones." *Turner*, 677 F. 3d at 579. Alternatively, Talbert can proceed pro se and file his own briefs. He does not however "have a constitutional right to choreograph special appearances by counsel." *McKaskle*, 465 U.S. at 183.

Second, according to Petitioner, the lengthy delay in bringing his case to trial excuses his failure to exhaust. ECF No. 17 at 5 ("Petitioner's trial date in this matter has been rescheduled at least 10 times in over 4.5 years."). Petitioner is correct that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986). Indeed, the Third Circuit has excused the exhaustion requirement where the delay at issue occurred at various stages of the petitioner's proceedings before state courts. *See Lee v. Stickman*, 357 F.3d 338, *341 (3d Cir. 2004) (collecting

cases). Notably, however, these cases dealt with *post*-conviction delays rather than *pre*-conviction delays. Moreover, as this Court previously stated, "[w]hen determining whether a petitioner has exhausted their state remedies, the federal court considers whether the instant petition is an effort 'to abort a state proceeding or disrupt the orderly functioning of state judicial processes'" and, because Talbert's trial date looms near (though it has been repeatedly rescheduled), his petition may be an attempt "to abort a state proceeding." ECF No. 15 at 4 –5 (quoting *Braden v. 30th Judicial Cir. Of Ky.*, 410 U.S. 484, 491 (1973)). Nevertheless, "[a]lthough the existence of an inordinate delay does not automatically excuse exhaustion, it does shift the burden to the state to demonstrate why exhaustion should still be required—a burden that is difficult to meet." *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994).

The Commonwealth's response, bolstered with records of Talbert's state court filings, indicates that much of the delay in Talbert's trial is of his own making. Talbert has received three court-appointed attorneys, and has filed lawsuits against two of them, precipitating their withdrawals. ECF No. 40 Ex. B at 3-4. He filed a motion to remove his third court-appointed counsel just three months before his trial was scheduled. *Id.* Ex. D. As a result of these filings, Talbert's various counsel filed several continuances in order to familiarize themselves with his case and conduct necessary investigations. *Id.* Ex. E at 5-13. Talbert also filed lawsuits against two state court judges presiding over his case, and moved for one judge to recuse herself. *Id.* Ex. B at 3-4; Ex. F. In total, at least six of the continuances were requested on behalf of Talbert. *Id.* Ex. E.

When a petitioner seeks to excuse the exhaustion requirement before his trial, "[o]nly the most extraordinary circumstances will suffice." *Jackson v. Thomas*, 2016 WL 4055658 at *6 (E.D. Pa. June 28, 2016), report and recommendation adopted, 2016 WL 3997066 (E.D. Pa. July 26, 2016) (citing *Moore v. DeYoung*, 515 F. 2d 437, 447 (3d Cir. 1975)). Extraordinary circumstances

require something "above and beyond the mere fact of denial of speedy trial," even combined with "manifest shortcomings" in the government's prosecution of the case." *Moore*, 515 F. 2d at 447, 447 n.12. Further, the delay will not be considered inordinate where "many of the continuances are attributable to [petitioner] or his counsel." *Singleton v. Wynder*, 485 F. Supp. 2d 602, 605 (E.D. Pa. 2007) (finding delay excusable where seven out of eleven continuances were attributable to petitioner or his counsel.).

Talbert's trial has been delayed for approximately four and a half years—a duration not long enough, by itself, to excuse the exhaustion requirement. *Singleton*, 485 F. Supp. 2d at 605-06 (collecting cases finding delays of at least seven years with no case activity sufficient to excuse exhaustion). Moreover, Talbert's case has seen significant activity during the four and a half year time period. *See generally,* ECF No. 40 Ex. E. Without passing judgment on the merits of Talbert's counsel or the conduct of the judges he sued, it is unquestionable that a substantial portion of the delay came as a result of continuances requested by Talbert or his counsel. Though there was some delay on behalf of the Government, primarily as a result of the COVID-19 pandemic and difficulties in securing Talbert's physical appearance from custody (*see* ECF No. 40 Ex. E at 8-13), Talbert has not put forth any evidence that those delays, or any other government conduct, come close to the extraordinary circumstances necessary to excuse the exhaustion requirement.

## IV.   CONCLUSION

For the foregoing reasons, Petitioner's 60(b) Motion (ECF No. 17) will be denied. The Court notes that this denial does not prejudice Talbert from filing a speedy trial motion with the presiding judge in his underlying state court case.

**BY THE COURT:**

 /s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**